## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT—LAW DIVISION

**TERRY NERO**

*Plaintiff,*

**vs.**

Case No.

**PURDY BROTHERS TRUCKING CO., INC., PURDY BROTHERS TRUCKING, LLC., P & S TRANSPORTATION, INC., and MARK DAVID TIPTON**

*Defendants.*

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendants, PURDY BROTHERS TRUCKING CO., INC., PURBY BROTHERS TRUCKING, LLC., P & S TRANSPORTATION, INC., and MARK DAVID TIPTON, alleges as follows:

## GENERAL ALLEGATIONS

1.  That at all times relevant, the Defendant, PURDY BROTHERS TRUCKING CO., INC.. was a corporation engaged in business as an interstate trucking carrier in the State of Illinois.

2.  That at all times relevant, the Defendant, PURDY BROTHERS TRUCKING, LLC., was a corporation engaged in business as an interstate trucking carrier in the State of Illinois.

3.  That at all times relevant, the Defendant, P & S TRANSPORTATION, INC., corporation engaged in business as a trucking and logistics provider in the State of Illinois.

4.  That at all times relevant, the Defendant, P & S TRANSPORTATION, INC.. was the parent company of the Defendants, PURDY BROTHERS TRUCKING CO., INC.. and PURDY BROTHERS TRUCKING, LLC.


EXHIBIT
A

5.     That at all times relevant, the Defendant, MARK DAVID TIPTON, was servant, agent and/or employee of the Defendants, PURDY BROTHERS TRUCKING CO., INC., PURDY BROTHERS TRUCKING, LLC., and P & S TRANSPORTATION, INC., as a tractor-trailer truck driver.

6.     That on June 19, 2015, the Plaintiff, TERRY NERO, was operating a motor vehicle traveling northbound in the third lane of Interstate 55 at First Avenue in the Village of Summit, County of Cook, and State of Illinois.

7.     That on June 19, 2015, the Defendant, MARK DAVID TIPTON, was operating a 2016 freightliner tractor trailer traveling northbound in the third lane of Interstate 55 at First Avenue in the Village of Summit, County of Cook, and State of Illinois.

8.     That the Plaintiff, TERRY NERO's car was positioned two (2) cars ahead of said tractor trailer driven by the Defendant, MARK DAVID TIPTON.

9.     That at the aforementioned time and place, the front of the tractor trailer operated by the Defendant, MARK DAVID TIPTON, collided with the rear-end of the preceding vehicle being operated by Casey Shannon Jones.

10.     That as a result of the rear-end impact to the vehicle operated by Casey Shannon Jones, said vehicle was caused to land on the roof of the Plaintiff's vehicle, resulting in the severe injuries complained of.

11.     That at all times relevant, the Defendant, MARK DAVID TIPTON, was operating said tractor trailer in the course of his duties as servant, agent and/or employee of the Defendants, PURDY BROTHERS TRUCKING CO., INC., PURDY BROTHERS TRUCKING, LLC., and P & S TRANSPORTATION, INC.

12.     That said tractor trailer was owned by the Defendants, PURDY BROTHERS

TRUCKING CO., INC., and PURDY BROTHERS TRUCKING, LLC.

13.     That at all time relevant to the occurrence complained of, the Plaintiff, TERRY NERO,

was in the exercise of ordinary care for her own safety.

**COUNT I- Negligence**
**[Terry Nero vs. Mark David Tipton]**

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN &

FEDICK, LTD., and in complaining of the Defendant, MARK DAVID TIPTON, alleges as

follows:

1-13.   The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the

General Allegations of this Complaint at Law as though fully set forth in this Count I.

14.     That at all times relevant, the Defendant, MARK DAVID TIPTON, owed a duty to exercise

ordinary care and caution for the safety of others using the public roadway, including the Plaintiff.

15.     That, in breach of this duty, the Defendant, MARK DAVID TIPTON, was negligent in one

or more of the following ways:

      a.  Followed too closely to the preceding vehicle driven by Casey Shannon Jones;

      b.  Drove the tractor trailer at a speed which was greater than reasonable and/or proper;

      c.  Failed to apply the brakes of the tractor trailer, when danger to the Plaintiff was
imminent;

      d.  Failed to sound the horn of the tractor trailer so as to give warning to other drivers;

      e.  Failed to keep an adequate and proper lookout for other vehicles on the roadway;

      f.  Failed to reduce his speed to avoid the collision;

      g.  Failed to stop the tractor trailer in time to avoid the collision, although Defendant saw,
or should have seen that it was impending and had ample time and opportunity to
avoid;

3

    h.  Operated said tractor trailer when the Defendant was too fatigued to drive safely;

    i.  Fell asleep while operating said tractor trailer; and

    j.  Was otherwise careless and negligent.

16.    Furthermore, as a proximate result of the conduct of the Defendant, as aforementioned, the Plaintiff, TERRY NERO, was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

    WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, MARK DAVID TIPTON, in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II- Negligence
### [Terry Nero vs. Purdy Brothers Trucking Co., Inc.]

    NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, PURDY BROTHERS TRUCKING CO., INC., alleges as follows:

1-13.    The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count II.

17.    That at all times relevant, the Defendant, PURDY BROTHERS TRUCKING CO., INC., owed a duty to exercise ordinary care and caution for the safety of others using the public roadway, including the Plaintiff.

4

18.    That, in breach of this duty, the Defendant, PURDY BROTHERS TRUCKING CO., INC.,

by and through its servant, agent and/or employee, MARK DAVID TIPTON, was negligent in one

or more of the following ways:

    a.  Followed too closely to the preceding vehicle driven by Casey Shannon Jones;

    b.  Drove the tractor trailer at a speed which was greater than reasonable and/or proper;

    c.  Failed to apply the brakes of the tractor trailer, when danger to the Plaintiff was imminent;

    d.  Failed to sound the horn of the tractor trailer so as to give warning to other drivers;

    e.  Failed to keep an adequate and proper lookout for other vehicles on the roadway.

    f.  Failed to reduce his speed to avoid the collision;

    g.  Failed to stop the tractor trailer in time to avoid the collision, although Defendant saw, or should have seen that it was impending and had ample time and opportunity to avoid;

    h.  Operated said tractor trailer when the Defendant was too fatigued to drive safely;

    i.  Fell asleep while operating said tractor trailer; and

    j.  Was otherwise careless and negligent.

19.    Furthermore, as a proximate result of the conduct of the Defendant, PURDY BROTHERS

TRUCKING CO., INC.'s servant agent and/or employee MARK TIPTON, as aforementioned, the

Plaintiff, TERRY NERO, was thereby injured internally, externally and otherwise, both

temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and

disordered and so remained for a long time, to wit: from thence hitherto, during all of which time

she suffered or will suffer great pain and was hindered and prevented from attending to her

business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff

was or will be thereby compelled to pay out, expend and become liable for divers large sums of

money in and about endeavoring to be cured of her injuries, as aforesaid.

5

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, PURDY BROTHERS TRUCKING CO., INC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT III- Negligence
### [Terry Nero vs. Purdy Brothers Trucking, LLC]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, PURDY BROTHERS TRUCKING, LLC., alleges as follows:

1-13.   The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count III.

20.   That at all times relevant, the Defendant, PURDY BROTHERS TRUCKING, LLC., owed a duty to exercise ordinary care and caution for the safety of others using the public roadway, including the Plaintiff.

21.   That, in breach of this duty, the Defendant, PURDY BROTHERS TRUCKING, LLC.., by and through its servant, agent and/or employee, MARK DAVID TIPTON, was negligent in one or more of the following ways:

a.   Followed too closely to the preceding vehicle driven by Casey Shannon Jones;

b.   Drove the tractor trailer at a speed which was greater than reasonable and/or proper;

c.   Failed to apply the brakes of the tractor trailer, when danger to the Plaintiff was imminent;

d.   Failed to sound the horn of the tractor trailer so as to give warning to other drivers;

e.   Failed to keep an adequate and proper lookout for other vehicles on the roadway.

f.   Failed to reduce his speed to avoid the collision;

g. Failed to stop the tractor trailer in time to avoid the collision, although Defendant saw, or should have seen that it was impending and had ample time and opportunity to avoid;

h. Operated said tractor trailer when the Defendant was too fatigued to drive safely;

i. Fell asleep while operating said tractor trailer; and

j. Was otherwise careless and negligent.

22.     Furthermore, as a proximate result of the conduct of the Defendant, PURDY BROTHERS TRUCKING, LLC.'s servant agent and/or employee MARK TIPTON, as aforementioned, the Plaintiff, TERRY NERO, was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, PURDY BROTHERS TRUCKING, LLC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT IV- Negligence
### [Terry Nero vs. P & S Transportation, Inc.]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, P & S TRANSPORTATION, INC., alleges as follows:

1-13.  The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count IV.

7

23. That at all times relevant, the Defendant, P & S TRANSPORTATION, INC., owed a duty to exercise ordinary care and caution for the safety of others using the public roadway, including the Plaintiff.

24. That, in breach of this duty, the Defendant, P & S TRANSPORTATION, INC., by and through its servant agent, and/or employee, MARK DAVID TIPTON, was negligent in one or more of the following ways:

    a. Followed too closely to the preceding vehicle driven by Casey Shannon Jones;

    b. Drove the tractor trailer at a speed which was greater than reasonable and/or proper;

    c. Failed to apply the brakes of the tractor trailer, when danger to the Plaintiff was imminent;

    d. Failed to sound the horn of the tractor trailer so as to give warning to other drivers;

    e. Failed to keep an adequate and proper lookout for other vehicles on the roadway.

    f. Failed to reduce his speed to avoid the collision;

    g. Failed to stop the tractor trailer in time to avoid the collision, although Defendant saw, or should have seen that it was impending and had ample time and opportunity to avoid;

    h. Operated said tractor trailer when the Defendant was too fatigued to drive safely;

    i. Fell asleep while operating said tractor trailer; and

    j. Was otherwise careless and negligent.

25. Furthermore, as a proximate result of the conduct of the Defendant, P & S TRANSPORTATION, INC.'s servant agent and/or employee MARK TIPTON, as aforementioned, the Plaintiff, TERRY NERO, was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending

8

to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, P & S TRANSPORTATION, INC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT V- Res Ipsa Loquitur
### [Terry Nero vs. Mark David Tipton]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, MARK DAVID TIPTON, alleges as follows:

1-13. The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count V.

26. That on June 19, 2015, the Defendant, MARK DAVID TIPTON, was in the exclusive control of said tractor trailer at all times while being operated.

27. That because the Defendant, MARK DAVID TIPTON, fell asleep while operating said tractor trailer, the Defendant, MARK DAVID TIPTON, lost control of the tractor trailer.

28. That the aforementioned occurrence as described herein would not normally occur in the absence of negligence.

29. That as a direct and proximate result of the Defendant, MARK DAVID TIPTON's negligent acts or omissions, the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from

9

thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, MARK DAVID TIPTON, in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT VI- Res Ipsa Loquitur
### [Terry Nero vs. Purdy Brothers Trucking Co., Inc.]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, PURDY BROTHERS TRUCKING CO., INC., alleges as follows:

1-13. The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count VI.

30. That on June 19, 2015, the Defendant, PURDY BROTHERS TRUCKING CO., INC., by and through its agent, servant and/or employee, MARK DAVID TIPTON, was in the exclusive control of said tractor trailer at all times while being operated.

31. That because the Defendant, PURDY BROTHERS TRUCKING CO., INC.'s agent, servant, and/or employee MARK DAVID TIPTON, fell asleep while operating said tractor trailer, the Defendant, MARK DAVID TIPTON, lost control of the tractor trailer.

32. That the aforementioned occurrence as described herein would not normally occur in the absence of negligence.

10

33.     That as a direct and proximate result of the Defendant, PURDY BROTHERS TRUCKING CO., INC.'s agent, servant, and/or employee MARK DAVID TIPTON's negligent acts or omissions, the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, PURDY BROTHERS TRUCKING CO., INC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT VII- Res Ipsa Loquitur
### [Terry Nero vs. Purdy Brothers Trucking, LLC]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, PURDY BROTHERS TRUCKING, LLC., alleges as follows:

1-13.   The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count VII.

34.     That on June 19, 2015, the Defendant, PURDY BROTHERS TRUCKING, LLC., by and through its agent, servant and/or employee, MARK DAVID TIPTON, was in the exclusive control of said tractor trailer at all times while being operated.

35. That because the Defendant, PURDY BROTHERS TRUCKING, LLC.'s agent, servant, and/or employee MARK DAVID TIPTON, fell asleep while operating said tractor trailer, the Defendant, MARK DAVID TIPTON, lost control of the tractor trailer.

36. That the aforementioned occurrence as described herein would not normally occur in the absence of negligence.

37. That as a direct and proximate result of the Defendant, PURDY BROTHERS TRUCKING, LLC.'s agent, servant, and/or employee MARK DAVID TIPTON's negligent acts or omissions, the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, PURDY BROTHERS TRUCKING, LLC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VIII- Res Ipsa Loquitur
### [Terry Nero vs. P & S Transportation, Inc.]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, P & S TRANSPORTATION, INC., alleges as follows:

1-13. The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count VIII.

38.     That on June 19, 2015, the Defendant, P & S TRANSPORTATION, INC., by and through its agent, servant and/or employee, MARK DAVID TIPTON, was in the exclusive control of said tractor trailer at all times while being operated.

39.     That because the Defendant, P & S TRANSPORTATION, INC.'s agent, servant, and/or employee MARK DAVID TIPTON, fell asleep while operating said tractor trailer, the Defendant, MARK DAVID TIPTON, lost control of the tractor trailer.

40.     That the aforementioned occurrence as described herein would not normally occur in the absence of negligence.

41.     That as a direct and proximate result of the Defendant, P & S TRANSPORTATION, INC.'s agent, servant, and/or employee MARK DAVID TIPTON's negligent acts or omissions, the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, P & S TRANSPORTATION, INC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

13

## COUNT IX- Negligence Per Se
### [Terry Nero v. Mark David Tipton]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, MARK DAVID TIPTON, alleges as follows:

1-13.   The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count IX.

42.     Defendant, MARK DAVID TIPTON, violated state statutes and regulations, including but not limited to federal statute 49 C.F.R. § 392.3, as codified under Illinois Statute 625 ILCS 5/18b-105(b).

43.     Plaintiff, TERRY NERO, is among the class of persons that federal statute 49 C.F.R. §392.3, and Illinois Statute 625 ILCS 5/18b-105(b) were designed to protect and for whose protection the foregoing statutes and regulations were adopted.

44.     That as a result of the Defendant, MARK DAVID TIPTON's violation of the aforementioned state and federal statutes, the Plaintiff, TERRY NERO, sustained severe injuries.

45.     That said injuries are of the type that the aforementioned statutes and regulations are intended to prevent.

46.     That Defendant MARK DAVID TIPTON's violations of the aforementioned statutes and regulations constituted negligence per se and created a presumption of negligence.

47.     That as a direct and proximate result of the Defendant, MARK DAVID TIPTON's negligent acts or omissions, the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from

thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, MARK DAVID TIPTON, in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT X- Negligence Per Se
### [Terry Nero vs. Purdy Brothers Trucking Co., Inc.]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, PURDY BROTHERS TRUCKING CO., INC., alleges as follows:

1-13.   The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count X.

48.   Defendant, PURDY BROTHERS TRUCKING CO., INC., by and through their agent, servant, and/or employee MARK DAVID TIPTON, violated state statutes and regulations, including but not limited to federal statute 49 C.F.R. § 392.3, as codified under Illinois Statute 625 ILCS 5/18b-105(b).

49.   Plaintiff, TERRY NERO, is among the class of persons that federal statute 49 C.F.R. §392.3, and Illinois Statute 625 ILCS 5/18b-105(b) were designed to protect and for whose protection the foregoing statutes and regulations were adopted.

50.     That as a result of the Defendant, PURDY BROTHERS TRUCKING CO., INC.'s agent, servant, and/or employee MARK DAVID TIPTON's violation of the aforementioned state and federal statutes, the Plaintiff, TERRY NERO, sustained severe injuries.

51.     That said injuries are of the type that the aforementioned statutes and regulations are intended to prevent.

52.     That Defendant, PURDY BROTHERS TRUCKING CO., INC.'s violations of the aforementioned statutes and regulations constituted negligence per se and created a presumption of negligence.

53.     That as a direct and proximate result of the Defendant, PURDY BROTHERS TRUCKING CO., INC.'s agent, servant, and/or employee MARK DAVID TIPTON's negligent acts or omissions, the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

        WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, PURDY BROTHERS TRUCKING CO., INC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT XI- Negligence Per Se
### [Terry Nero vs. Purdy Brothers Trucking Co., Inc.]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, PURDY BROTHERS TRUCKING, LLC., alleges as follows:

1-13.   The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count XI.

54.   Defendant, PURDY BROTHERS TRUCKING, LLC., by and through their agent, servant, and/or employee MARK DAVID TIPTON, violated state statutes and regulations, including but not limited to federal statute 49 C.F.R. § 392.3, as codified under Illinois Statute 625 ILCS 5/18b-105(b).

55.   Plaintiff, TERRY NERO, is among the class of persons that federal statute 49 C.F.R. §392.3, and Illinois Statute 625 ILCS 5/18b-105(b) were designed to protect and for whose protection the foregoing statutes and regulations were adopted.

56.   That as  a result of the Defendant, PURDY BROTHERS TRUCKING, LLC.'s agent, servant, and/or employee MARK DAVID TIPTON's violation of the aforementioned state and federal statutes, the Plaintiff, TERRY NERO, sustained severe injuries.

57.   That said injuries are of the type that the aforementioned statutes and regulations are intended to prevent.

58.   That Defendant, PURDY BROTHERS TRUCKING, LLC.'s violations of the aforementioned statutes and regulations constituted negligence per se and created a presumption of negligence.

59.   That as a direct and proximate result of the Defendant, PURDY BROTHERS TRUCKING, LLC.'s agent, servant, and/or employee MARK DAVID TIPTON's negligent acts or omissions,

the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, PURDY BROTHERS TRUCKING, LLC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT XII- Negligence Per Se
### [Terry Nero vs. P & S Transportation, Inc.]

NOW COMES the Plaintiff, TERRY NERO, by and through her attorneys, HARMAN & FEDICK, LTD., and in complaining of the Defendant, P & S TRANSPORTATION, INC., alleges as follows:

1-13.   The Plaintiff, TERRY NERO, readopts and re-alleges paragraphs 1 through 13 of the General Allegations of this Complaint at Law as though fully set forth in this Count XII.

60.   Defendant, P & S TRANSPORTATION, INC., by and through their agent, servant, and/or employee MARK DAVID TIPTON, violated state statutes and regulations, including but not limited to federal statute 49 C.F.R. § 392.3, as codified under Illinois Statute 625 ILCS 5/18b-105(b).

61.    Plaintiff, TERRY NERO, is among the class of persons that federal statute 49 C.F.R. §392.3, and Illinois Statute 625 ILCS 5/18b-105(b) were designed to protect and for whose protection the foregoing statutes and regulations were adopted.

62.    That as a result of the Defendant, P & S TRANSPORTATION, INC.'s agent, servant, and/or employee MARK DAVID TIPTON's violation of the aforementioned state and federal statutes, the Plaintiff, TERRY NERO, sustained severe injuries.

63.    That said injuries are of the type that the aforementioned statutes and regulations are intended to prevent.

64.    That Defendant, P & S TRANSPORTATION, INC's violations of the aforementioned statutes and regulations constituted negligence per se and created a presumption of negligence.

65.    That as a direct and proximate result of the Defendant, P & S TRANSPORTATION, INC's agent, servant, and/or employee MARK DAVID TIPTON's negligent acts or omissions, the aforementioned tractor trailer rear-ended the preceding vehicle causing it to land on the roof the Plaintiff's vehicle and by reason thereof, the Plaintiff was injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, TERRY NERO, prays for judgment against the Defendant, P & S TRANSPORTATION, INC., in an amount within the jurisdiction of the Law Division of the Circuit Court of Cook County, Illinois.

HARMAN & FEDICK, LTD.

*Thomas J. Fedick*

THOMAS J. FEDICK

HARMAN & FEDICK, LTD.
Firm No. 45719
*Attorneys for Plaintiff*
221 North LaSalle Street, Suite 2150
Chicago, Illinois   60601

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT—LAW DIVISION

TERRY NERO

       *Plaintiff,*

    vs.

PURDY BROTHERS TRUCKING CO.,
INC., PURDY BROTHERS TRUCKING,
LLC., P & S TRANSPORTATION, INC.,
and MARK DAVID TIPTON

       *Defendants.*

Case No.

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named plaintiff certifies

that plaintiff seeks money damages in excess of Fifty Thousand and 00/100ths Dollars ($50,000).

Respectfully submitted,

HARMAN & FEDICK, LTD.

Thomas J. Fedick

HARMAN & FEDICK, LTD.
Firm No. 45719
Attorneys for: Plaintiff
221 North LaSalle St., Ste. 2150
Chicago, IL 60601
Telephone: (312) 263-6452